UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL HOLJES,
  *Plaintiff*,

  v.

THE LINCOLN NATIONAL LIFE
INSURANCE CO.,
  *Defendant.*

No. 3:21-cv-1277 (VAB)

**RULING AND ORDER ON DISCOVERY DISPUTE**

On September 13, 2021, Paul Holjes ("Plaintiff") sued The Lincoln National Life Insurance Company ("Lincoln National") in Connecticut state court alleging various state law claims, including beach of contract and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"). *See* Ex. 1 to Notice of Removal at 16, 20, ECF No. 1-1 ("Compl.").

On September 23, 2021, Lincoln National removed this case to federal court under 28 U.S.C. §1332(a), diversity jurisdiction, and under 28 U.S.C. § 1331, claims arising under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Notice of Removal at 1, ECF No. 1.

On July 12, 2023, Mr. Holjes filed a motion for a discovery conference. *See* Pl.'s Mot. for a Discovery Conference, ECF No. 51. The Court granted the motion and set a discovery Conference for July 24, 2023. The Court directed the parties to submit their respective position statements before the conference.

On July 24, 2023, the Court held a discovery conference. *See* Min. Entry, ECF No. 66.

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Mr. Holjes's discovery requests.

1

I.  **STANDARD OF REVIEW**

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

But "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Indeed, "[a] trial court enjoys wide discretion in its handling of pre-trial discovery. . . ." *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992); *see Gen. Houses v. Marloch Mfg. Corp.*, 239 F.2d 510, 514 (2d Cir. 1956) ("The order of examination is at the discretion of the trial judge . . . .").

II. **DISCUSSION**

After instructed to file briefing on any outstanding discovery issues, Mr. Holjes has identified seven disputes:

First, Mr. Holjes requests that Lincoln National "identify the number of disability claims that were denied prior to a claim appeal, the number of disability claims that were appealed and subsequently denied by Defendant, the number of progressive income benefit ("PIB") claims Defendant approved and denied, and the number of bad faith lawsuits brought against Defendant between July 2016 and present." Pl.'s Notice at 1, ECF. No. 64 ("Holjes Position"). He argues that this information is relevant to his CUTPA bad faith claim, because "it is circumstantial evidence of Defendant's subjective intent and would be probative of a pattern and practice of claim denials. *Id.*

Second, Mr. Holjes requests that Lincoln National "explain the procedure for filing a PIB claim." *Id*. Although Lincoln National has produced information in response to this request, Mr. Holjes contends that that information is "vague and unresponsive." *Id.* at 1.

Third, Mr. Holjes requests Lincoln National's underwriting file. According to Mr. Holjes, the underwriting file "sets forth the insurer's evaluation of the risks posed by the applicant's request for coverage and contains the application, notes from the underwriting regarding premiums, copies of documents pertinent to the insurer's rating of the risk, all documents used in underwriting the risk, and policy forms." *Id.* at 2.

Fourth, Mr. Holjes requests Lincoln National's "internal documents" related to alleged "initiatives for minimizing the financial impact of [Long Term Disabilities] policies." *Id.* at 3. Mr. Holjes additionally seeks Lincoln National's "claims handling or risk management objectives," "'scoring system' for claim effectiveness, and [Lincoln National's] efforts to increase the effectiveness of their claim management between 2015 and the present." *Id.*

Fifth, Mr. Holjes requests Lincoln National's communication with actuaries regarding occupation disability polices and certain ratios of terminated policies compared with expenses related to the management of those claims and any analysis on "reserve ratios to actual payments of claims." *Id.*

Sixth, Mr. Holjes seeks identities of Lincoln National's reinsures and "communications and documents exchanged between [Lincoln National] and its reinsurer(s)." *Id.* at 4.

Seventh, Mr. Holjes seeks documents and information regarding Defendant's loss reserves for his disability claim. *Id.* at 5.

Lincoln National responds that the records that Mr. Holjes seeks are "company records that have nothing to do with" the claims at issue in this case. Def.'s Notice at 3, ECF No. 63

(Lincoln National Position"). Moreover, Lincoln National argues that these requests are "extremely broad," and contain "ill-defined categories of documents that have no relevance to the issues here, would be unreasonably burdensome to compile and produce, and violate the legitimate confidentiality concerns of Lincoln, its employees, other companies it insures, and other wholly-unrelated benefit claimants." *Id.* In its view, it "properly objected to such overly-broad, irrelevant, and invasive requests." *Id.*

The Court will address each dispute in turn.

As to the first issue, Mr. Holjes's request for data on disability claims that were denied and appealed and the number of bad faith lawsuits against Lincoln national from 2016 to the present, this request is overly broad and is not proportional to the needs of this case. "The proportionality analysis focuses on the marginal utility of the requested discovery." *Conserv. L. Found., Inc. v. All-Star Transp.,LLC*, No. 3:21-CV-00201 (JBA), 2022 WL 16901999, at *1 (D. Conn. Nov. 11, 2022). Here, this case is limited to Mr. Holjes's individual claim and Lincoln National's alleged breach of contract, violations of CUPTA, among other state law claims, with respect to that claim. *See* Compl. at 16–21 (asserting state law causes related to his individual insurance claim). Mr. Holjes does not allege that his claim was processed differently that other claims. The aggregate data sought therefore provides limited marginal utility. As Lincoln National notes in response, every disability claim is different, and this data would simply be comparing "disparate situations." Lincoln National Position at 4. The Court will therefore **DENY** this request without prejudice to renewal, in the event the discovery provided justifies any such renewal.

As to the second issue, the "procedure for filing a claim," Mr. Holjes contends he did not receive adequate information in response to this request. To the extent that Mr. Holjes is simply

requesting a list of "documents a claimant applying for PIB should have prepared and submitted," Holjes Position at 2, that request is relevant, narrowly tailored and is therefore **GRANTED**. Lincoln National is directed to provide the list of required documents requested.

The remainder of this request, however, is too vague. Mr. Holjes seeks, for example, "a response that explicitly explains the procedure for filing" a claim and an explanation of what "timely proof of a claim requires." *Id*. This is information that Mr. Holjes can seek through a deposition, except to the extent that there are documents responsive to this procedure, consistent with the discussion above. Accordingly, Mr. Holjes' request for an explanation otherwise is **DENIED,** without prejudice to renewal, in the event the discovery provided justifies any such renewal.

As to the third issue, Lincoln National's underwriting file, Mr. Holjes provides no legal basis for his entitlement to these documents. Indeed, in this District underwriting files are generally not discoverable absent particularized showing of need for the files. *See Admiral Ins. Co. v. Versailles Med. Spa, LLC*, No. 3:20-CV-00568 (JCH), 2021 WL 106273, at *3 (D. Conn. Jan. 12, 2021) (explaining that "courts in this district have held that [underwriting files] are subject to disclosure when the policyholder has 'alleged ambiguity in the [insurer's] policy language *and* there has been no determination concerning whether the language at issue is ambiguous'" (quoting *Thompson v. Nat'l Union Fire Ins Co. of Pittsburgh PA*, No. 3:14-cv-00259 (WWE/HBF), 2015 WL 753721, at *3 (D. Conn. Feb. 23, 2015) (second alternation in original). Accordingly, this request will be **DENIED,** without prejudice to renewal, in the event the discovery provided justifies any such renewal.

As to the fourth issue, "document demonstrating" Lincoln National's "initiative for minimizing the financial impact of LTD," this request is vague, overly burdensome and not

5

proportional to the needs of this case. Mr. Holjes seeks documents about alleged initiatives between 2015 to the present. His generalized assertions that "[i]nsurers often have objectives to underpay and deny disability claims to minimize the financial liability of these claims," Holjes's Position at 3, are insufficient to meet the particularity requirements of Federal Rules of Civil Procedure 26(b). *See Walsh v. Top Notch Home Designs Corp.*, No. CV2005087GRBJMW, 2022 WL 3300190, at *6 (E.D.N.Y. Aug. 11, 2022) ("[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition. . . ." (quoting *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004)); *See also Nau v. Papoosha*, No. 3:21CV00019 (SALM), 2023 WL 122031, at *3 (D. Conn. Jan. 6, 2023) ("The party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition.") (quoting *Wilson v. Cheng*, No. 15CV00023 (CBA) (MMH), 2022 WL 985823, at *7 (E.D.N.Y. Mar. 31, 2022)). The Court likewise will **DENY** this request, without prejudice to renewal, in the event the discovery provided justifies any such renewal.

As to the fifth and sixth issues, Lincoln's communication with insurers and actuaries, these requests are overly broad, burdensome and not proportional to the needs of this case. Again, the Mr. Holjes provides generalized reasons for his needs for these documents. *See, e.g.,* ECF No. 64 at 4 ("Reinsurers expect their cedent insurers to timely report claims and communicate regarding the potential for liability and coverage defenses."). Mr. Holjes does not allege that Lincoln National engages in this practice. Because discovery requests cannot be "based on pure speculation or conjecture," *In Re Alliance Pharm. Sec. Litig.,* No. M-8-85, 1995 WL 51189, at *1 (S.D.N.Y. Feb. 9, 1995), the Court also will **DENY** this request, without prejudice to renewal, in the event the discovery provided justifies any such renewal.

Moreover, to the extent that Mr. Holjes is requesting communications and "reports from counsel regarding a coverage analysis," Holjes Position at 4, such information may be covered by attorney-client privilege and therefore not discoverable. *See Davis v. Rumsey Hall Sch., Inc.*, No. 3:20-CV-01822 (SVN), 2023 WL 4417549, at *2 (D. Conn. July 10, 2023) ("The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal advice." (quoting *In re Cty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007)).

Finally, as to the seventh issue, Mr. Holjes specifically seeks "documents and information regarding Defendant's loss reserves for [his] disability claim." Holjes Position at 6. Here, Mr. Holjes is requesting information related to his specific claim. And because he alleges bad faith on the part of Lincoln National, the Court will **GRANT** this request. *See ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12 CV 38 (JAM), 2017 WL 3783257, at *6 (D. Conn. Aug. 31, 2017) ("Although discovery of loss reserves is often denied because it is not relevant to the underlying cause of action, most courts are willing to permit discovery if the underlying action involves allegations of bad faith because the mind set of the insurer then becomes relevant to the underlying cause of action." (citation and internal quotations marks omitted) (cleaned up).

### III.   CONCLUSION

For the reasons explained above, the Court **GRANTS in part** and **DENIES in part** Mr. Holjes's discovery requests.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of July, 2023.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge